{¶ 15} I fully agree with Judge Brogan's analysis, and write separately only to point out that per State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, at ¶ 99, we are no longer precluded by R.C. 2953.08(G) from employing the abuse of discretion standard when reviewing imposition of greater-than-minimum or consecutive sentences. Therefore, while Foster also stated that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences," Id., ¶ 100, that holding operated to sever the instrumental statement of findings and reasons requirements from the statutes that had required them. The *Page 6 
sentencing court's exercise of its sentencing discretion remains subject to appellate review on the abuse of discretion standard explained in State v. Adams (1980), 62 Ohio St.2d 151, 157: that it "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." That is the standard we apply here. *Page 1